Owen M. Rumelt
David M. Mohl
SLEVIN & HART, P.C.
Attorneys for Plaintiffs
614 Hempstead Gardens Drive
West Hempstead, NY 11552
(516) 203-7570
         - and -
1625 Massachusetts Avenue N.W., Suite 450
Washington D.C. 20036
(202) 797-8700
(202) 234-8231 (fax)
orumelt@slevinhart.com
dmohl@slevinhart.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
THE 32BJ NORTH PENSION FUND and its BOARD OF
TRUSTEES,

                                      Plaintiffs,

                            -against-

SOUTHERN BOULEVARD PARTNERS, LP, SOUTHERN
BOULEVARD PARTNERS II, LP, SOUTHERN
BOULEVARD PARTNERS III, LP, PHILIP SCHORR, and
WILLIAM N. HUBBARD, III,

                                    Defendants.
-------------------------------------------------------------------------X

**COMPLAINT**

Case No. 7:16-cv-00835

Plaintiffs, the 32BJ North Pension Fund and its Board of Trustees (collectively, "Plaintiffs" or the "Fund"), by its attorneys, Slevin & Hart, P.C., hereby complain of Defendants Southern Boulevard Partners, LP ("Partners I"), Southern Boulevard Partners II, LP ("Partners II"), Southern Boulevard Partners III, LP ("Partners III") (Partners I, Partners II and Partners III are collectively "Southern Boulevard"), Philip Schorr ("Schorr"), and William N. Hubbard, III ("Hubbard") (Southern Boulevard, Schorr and Hubbard are collectively "Defendants" ) as follows:

**Jurisdiction and Venue**

1. Jurisdiction of this Court against Southern Boulevard arises pursuant to Sections 502, 515, and 4301(c) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132, 1145 and 1451(c).

2. Supplemental jurisdiction of this Court against individual Defendants Schorr and Hubbard (together, the "General Partners") arises under 28 U.S.C. § 1367(a) and New York State Partnership Law §§ 26 and 121-403.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

**The Parties**

4. The Fund is an "employee benefit plan" and a "multiemployer plan" within the meaning of Sections 3(3), 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(3), 1002(37) and 1301(a)(3), respectively and is administered at 25 West 18th Street, New York, New York.

5. The Trustees are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21). The Trustees bring this action on behalf of the Fund and its participants and beneficiaries pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3) and Section 185 of the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. §185.

6. Upon information and belief, at all times relevant hereto, Partners I, Partners II, and Partners III have all been under common control, as such term is defined in Section 414(c) of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 414(c), and the regulations promulgated thereunder.

7. Upon information and belief, at all times relevant hereto, Partners I, II, and III have each been limited partnerships and an "employer" within the meaning of Section 3(5) of

ERISA, 29 U.S.C. §1002(5) and have maintained their offices at 215 East 164th Street, Bronx New York 10456.

8. Upon information and belief, Schorr and Hubbard, were, at all times relevant hereto, the general partners of Southern Boulevard. Upon information and belief, Schorr maintains his personal residence at 181 Stilson Hill Road, New Milford, CT, 06776. Upon information and belief, Hubbard maintains his personal residence at 534 Harbor Road, Fairfield, CT, 06890.

9. Upon information and belief, Partners I owned the properties located at 774 & 784 Fox Street, Bronx, New York until its sale on or about June 28, 2012.

10. Upon information and belief, Partners II owned the properties located at 753, 766, 775-776 Fox Street, 737 Southern Blvd., Bronx, New York until its sale on or about June 28, 2012.

11. Upon information and belief, Partners III owned the properties located at 712, 663 and 665 Fox Street, Bronx, New York until its sale on or about June 28, 2012.

**Factual Allegations in Support of Relief Sought**

12. The Fund incorporates the foregoing paragraphs as if fully stated herein.

13. At all times relevant to this action, Southern Boulevard was a party to one or more collective bargaining agreements ("CBAs") with Local 32BJ, Service Employees International Union (the "Union.")

14. The terms of the CBAs obligated Southern Boulevard to, *inter alia*, make contributions to the Fund for its employees covered by the CBAs ("Participants.")

15. Upon information and belief, Southern Boulevard permanently ceased to have an obligation to contribute to the Fund when it sold the properties described in Paragraphs 9 through 11 above on or about June 28, 2012.

16. Upon information and belief, such cessation constituted a "complete withdrawal" from the Fund, as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

17. Following the complete withdrawal of Southern Boulevard, the Fund determined that, as a result of the complete withdrawal, the withdrawal liability owed to the Fund was $244,185. Said sum was determined in accordance with Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

18. By letter dated March 30, 2015, the Fund issued a Notice and Demand (the "Notice and Demand") to Southern Boulevard for payment of withdrawal liability. The Notice and Demand was sent in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

19. The Notice and Demand for payment informed Southern Boulevard that its withdrawal liability was $244,185, payable in a single lump sum of $244,185 or in fifty-five quarterly installments of $6,552.25 and a final payment of $3,974.52, with the first payment due sixty days of receipt of the Notice and Demand, *i.e.*, June 1, 2015 (the "Due Date").

20. Southern Boulevard did not, at any time within ninety days after its receipt of the Notice and Demand: (i) ask the Trustees to review any specific matter relating to the determination of its liability and the schedule of payments; (ii) identify any inaccuracy in the determination of the amount of the unfunded vested benefits allocable to it; or (iii) furnish any additional relevant information to the Trustees (collectively, "Request Review").

21. As a result of its failure to Request Review, Southern Boulevard is precluded from initiating arbitration to dispute the Fund's determination of its withdrawal liability.

22. Southern Boulevard failed to make its first scheduled quarterly payment by the Due Date, and it has not made any payments to date.

23. By letter dated June 9, 2015, the Fund notified Southern Boulevard that it was delinquent in its first installment payment and would be in default, within the meaning of Section 4219(c)(5) of ERISA, if it failed to cure the delinquency within sixty days of the date of the letter.

24. By letter dated September 4, 2014 ("Default Letter"), the Fund advised Southern Boulevard that, because the Fund had not received payment within the foregoing sixty day period, Southern Boulevard was in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and 29 C.F.R. § 4219.31(b), and the entire amount of the withdrawal liability is now due and owing, together with interest accrued thereon and liquidated damages pursuant to the Fund's withdrawal liability rules.

### Count I
### (Against Defendant Southern Boulevard for Delinquent Withdrawal Liability)

25. The Fund incorporates the foregoing paragraphs as if fully stated herein.

26. The Fund has not received any payment of withdrawal liability from Southern Boulevard or from any other entity on its behalf.

27. Section 4301(b) of ERISA, 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

28. As a result of the foregoing, Southern Boulevard is liable to the Fund under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for accelerated withdrawal liability in the amount of $244,185.00, interest accrued thereon in the amount at the Fund's interest rate set forth in the Fund's plan document and Policy for Collection of Delinquent Contributions of nine (9%) percent per annum through the date of entry of judgment; liquidated damages in the amount

of $48,837.00, representing twenty (20%) percent of the accelerated withdrawal liability and reasonable attorneys' fees and costs of this action (collectively, the "Requested Relief.")

### Count II

### (Against General Partner Defendants for Delinquent Withdrawal Liability)

29. The Fund incorporates the foregoing paragraphs as if fully stated herein.

30. Section 26 of New York State Partnership Law provides that all partners of a general partnership are jointly liable for all debts and obligations of the partnership. NY CLS Partn § 26.

31. Accordingly, by letter dated October 28, 2015 ("Personal Liability Letter"), the Fund advised Schorr and Hubbard that, as the general partners of Southern Boulevard, they were personally liable under New York State law for the withdrawal liability owed to the Fund, plus all interest accrued thereon and liquidated damages.

32. The Personal Liability Letter required payment by the General Partners of all amounts owed within 10 days of receipt of the letter.

33. The Fund has not received any payment of withdrawal liability from Schorr, Hubbard or from any other entity on their behalf.

34. Section 4301(b) of ERISA, 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

35. As a result of the foregoing, the General Partners are liable to the Fund under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the Requested Relief.

**WHEREFORE,** Plaintiffs respectfully request that the Court enter a judgment;

(a) Ordering Defendants to remit payment of the accelerated withdrawal liability in the amount of $244,185, interest accrued thereon at the rate of nine (9%) per annum

during the period of June 1, 2015 through the date of entry of judgment and liquidated damages in the amount of $48,837; and

      (b)    Ordering Defendants to pay Plaintiffs' reasonable attorney's fees and the costs of this action, including fees and costs incurred in the execution of any judgment awarded, as set forth in the Fund's plan document and Section 502(g) of ERISA, as amended, 29 U.S.C. § 1132(g); and

      (c)    Granting Plaintiffs such further and other relief as the Court may deem just and proper.

Dated: Washington, DC
       February 2, 2016

Respectfully submitted,

/s/ Owen M. Rumelt
Owen M. Rumelt
David M. Mohl
SLEVIN & HART, P.C.
614 Hempstead Gardens Drive
West Hempstead, NY 11552
(516) 203-7570
    - and -
1625 Massachusetts Avenue N.W., Ste. 450
Washington D.C. 20036
(202) 797-8700
(202) 234-8231 (fax)
orumelt@slevinhart.com
dmohl@slevinhart.com

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

20357364v3